■ KODIAK, INC., Appellant, v JO-MAR ENVIRONMENTAL SPECIALISTS, INC., et al., Respondents. [601 NYS2d 141] —In an action to recover on an instrument for payment of money only, the plaintiff appeals from (1) so much of a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered July 27, 1990, as stayed the enforcement of the judgment in the plaintiff's favor in the principal sum of $48,037, pending the outcome of an action pending in Nassau County entitled *Jo-Mar Envtl. Specialists v Tyree Bros. Envtl.,* and (2) an order of the same court, dated February 3, 1992, which, *inter alia,* vacated the judgment in the plaintiff's favor.

Ordered that the appeal from the judgment entered July 27, 1990, is dismissed as academic; and it is further,

Ordered that the order dated February 3, 1992, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

Tyree Brothers Environmental, Inc. (hereinafter Tyree) retained the defendants to dispose of certain petroleum-contaminated soil from various local gas stations. The defendants then hired trucks and drivers from the plaintiff Kodiak, Inc. (hereinafter Kodiak), to transport that material. The defendants paid Kodiak for its services by check, but subsequently stopped payment on the checks. Thereafter, Kodiak instituted this action to recover the proceeds of the checks.

Upon Kodiak's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the court granted judgment in its favor. However, the court stayed execution of the judgment pending the outcome of a related action in Nassau County between the defendant Jo-Mar Environmental Specialists, Inc. (hereinafter Jo-Mar) and Tyree, wherein Jo-Mar alleged that because of Kodiak's conduct, Tyree refused to pay Jo-Mar for the services it had rendered. After a determination was made in the Nassau County action that waste material had been illegally dumped by Jo-Mar, or its trucker Kodiak, that judgment was vacated on the ground that triable issues of fact existed, precluding summary judgment.

On appeal, Kodiak contends that it was error for the Supreme Court to vacate the judgment against the defendants. We disagree. Based on the facts and circumstances herein, the court properly exercised its inherent power to vacate the judgment (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:11, at 476-477).

Moreover, since the judgment was vacated, Kodiak's appeal from so much of the judgment as stayed its enforcement is academic. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.